JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael DeFilippo

**(b)** County of Residence of First Listed Plaintiff: Camden Cty, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Faye Riva Cohen, Esq
2047 Locust St
Phila PA 19103   215-563-7776

## DEFENDANTS
Episcopal Diocese of PA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
82 USC § 1332 (a)(1)

Brief description of cause: Defamation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: N/A
DOCKET NUMBER:

DATE: 10/18/19
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Case 2:19-cv-04871-PD   Document 1   Filed 10/18/19   Page 2 of 15

# ADDRESS LIST

EPISCOPAL DIOCESE OF PENNSYLVANIA
240 S. 4th Street
Philadelphia, PA 19106
(Philadelphia County)

and

THE RT. REV. DANIEL G. P. GUTIERREZ
3717 Chestnut Street, Suite 300
Philadelphia, PA 19104
(Philadelphia County)

and

THE REV. IAN A. MONTGOMERY
2 Emerson Street
Norwalk, CT 06855
(Fairfield County)

and

THE CHURCH OF THE GOOD SHEPHERD,
ROSEMONT, PENNSYLVANIA
1116 Lancaster Avenue
Bryn Mawr, PA 19010
(Montgomery County)

and

HEIDI KOLBERG
245 N. Ithan Avenue
Bryn Mawr, PA 19010
(Montgomery County)

and

SETH MARTIN
1111 County Line Road, Apt. 1
Bryn Mawr, PA 19010
(Montgomery County)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Box 544, Blackwood, NJ 08012

Address of Defendant: 240 S. 40ᵗʰ St, Phila, PA 19106

Place of Accident, Incident or Transaction: 1116 Lancaster Ave, Bryn Mawr, PA 18010

---

**RELATED CASE, IF ANY:** N/A

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/15/19 _____ Attorney-at-Law / Pro Se Plaintiff _____ 18538 Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
   *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Faye Riva Cohen, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/18/19 _____ Attorney-at-Law / Pro Se Plaintiff _____ 18538 Attorney I.D. # (if applicable)

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## ADDRESS LIST

EPISCOPAL DIOCESE OF PENNSYLVANIA
240 S. 4th Street
Philadelphia, PA 19106
(Philadelphia County)

and

THE RT. REV. DANIEL G. P. GUTIERREZ
3717 Chestnut Street, Suite 300
Philadelphia, PA 19104
(Philadelphia County)

and

THE REV. IAN A. MONTGOMERY
2 Emerson Street
Norwalk, CT 06855
(Fairfield County)

and

THE CHURCH OF THE GOOD SHEPHERD,
ROSEMONT, PENNSYLVANIA
1116 Lancaster Avenue
Bryn Mawr, PA 19010
(Montgomery County)

and

HEIDI KOLBERG
245 N. Ithan Avenue
Bryn Mawr, PA 19010
(Montgomery County)

and

SETH MARTIN
1111 County Line Road, Apt. 1
Bryn Mawr, PA 19010
(Montgomery County)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Michael DeFilippo : CIVIL ACTION

v.

Episcopal Diocese of Pennsylvania : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

10/18/19                Faye Riva Cohen            Plaintiff
Date                    Attorney-at-law            Attorney for

215-563-7776            215-563-9996               FRC@FayeRivaCohen.com
Telephone               FAX Number                 E-Mail Address


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DeFILIPPO<br>Box 544<br>Blackwood, NJ 08012<br>　　　　　Plaintiff, | Civil Action |
| v. | |
| EPISCOPAL DIOCESE OF PENNSYLVANIA<br>240 S. 4th Street<br>Philadelphia, PA 19106 | No.:_____ |
| and | |
| THE RT. REV. DANIEL G. P. GUTIERREZ<br>3717 Chestnut Street, Suite 300<br>Philadelphia, PA 19104 | |
| and | |
| THE REV. IAN A. MONTGOMERY<br>2 Emerson Street<br>Norwalk, CT 06855 | |
| and | |
| THE CHURCH OF THE GOOD SHEPHERD,<br>ROSEMONT, PENNSYLVANIA<br>1116 Lancaster Avenue<br>Bryn Mawr, PA 19010 | |
| and | |
| HEIDI KOLBERG<br>245 N. Ithan Avenue<br>Bryn Mawr, PA 19010 | |
| and | |
| SETH MARTIN<br>1111 County Line Road, Apt. 1<br>Bryn Mawr, PA 19010<br>　　　　　Defendants. | |

## CIVIL ACTION - COMPLAINT

Plaintiff, MICHAEL DeFILIPPO (hereinafter "Plaintiff"), by and through his attorneys, the Law Office of Faye Riva Cohen, P.C., brings this action against the named Defendants and avers as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 82 U.S.C. § 1332(a)(1) as the parties are citizens of different states: Plaintiff is a citizen and domiciled in New Jersey, Defendant THE REV. IAN A. MONTGOMERY is a citizen and resident of the state of Connecticut, and the remaining Defendants are citizens and/or entities in Pennsylvania.

2. This Court has original jurisdiction over the subject matter of this action pursuant to 82 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e) because most of the Defendants may be found in this District and the acts complained of occurred in this District.

## PARTIES

4. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

5. Plaintiff is an adult individual and citizen and resident of the State of New Jersey, with an address of Box 544, Blackwood, NJ 08012.

6. Defendant EPISCOPAL DIOCESE OF PENNSYLVANIA (hereinafter "the Diocese") is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its registered office located at 240 S. 4th Street, Philadelphia, PA 19106.

7. Defendant THE RT. REV. DANIEL G. P. GUTIERREZ (hereinafter "the Bishop") is the bishop ordinary of the Diocese, individually and as an agent of Diocese, is an adult individual, and citizen and resident of the Commonwealth of Pennsylvania, with an address of 3717 Chestnut Street, Suite 300, Philadelphia, PA 19104.

8. Defendant THE CHURCH OF THE GOOD SHEPHERD, ROSEMONT, PENNSYLVANIA (hereinafter "the Church") is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its registered office located at 1116 Lancaster Avenue, Bryn Mawr, PA 19010, and is a constituent member of the Diocese.

9. Defendant THE REV. IAN A. MONTGOMERY (hereinafter "Montgomery") was the parish priest of the Church and is an adult individual, and citizen and resident of the State of Connecticut, with an address of 2 Emerson Street, Norwalk, CT 06855.

10. Defendant HEIDI KOLBERG (hereinafter "Kolberg"), individually, and as an agent of the Church in her role as Senior Warden, is an adult individual, and citizen and resident of the Commonwealth of Pennsylvania, with an address of 245 N. Ithan Avenue, Bryn Mawr, PA 19010.

11. Defendant SETH MARTIN (hereinafter "Martin"), individually, and as an agent of the Church and as the Office Administrator of the Church, is an adult individual, and citizen and resident of the Commonwealth of Pennsylvania, with an address of 1111 County Line Road, Apt. 1, Bryn Mawr, PA 19010.

## FACTUAL ALLEGATIONS

12. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

13. Plaintiff has attended the Church for approximately thirty (30) years.

14. On or about October 24, 2017 Plaintiff attempted to participate in a Church meeting, interjecting his concerns about the direction the Church was taking.

15. At the October 24, 2017 meeting, Plaintiff's attempt at participating was met by Montgomery – who was serving the Church as its parish priest – who publicly – and falsely - claimed Plaintiff did not "belong" to the Church and did not financially give to the Church.

16. Montgomery's statements, mentioned above, were mad publically in the presence of all of the other attendees at the Church meeting, to the extreme humiliation, embarrassment, and shame of/to Plaintiff.

17. On or about March 11, 2018, when Plaintiff arrived at the Church for Sunday worship, he was approached by Kolberg and parishioner Anderson Wilson who told him he was not welcome at the Church.

18. On or about March 11, 2018 Kolberg also called the Radnor Township Police Department "the Police"), upon which Plaintiff voluntarily and independently left the Church before the Police arrived, and did not return to it until after Montgomery's departure from it as Plaintiff believed it was Montgomery who was ultimately responsible for the events described in Paragraph 17 and herein; per Plaintiff's information and belief, a police report was entered as a result of the call.

19. On or about October 21, 2018, when Plaintiff returned to the Church to worship for the first time since March 11, 2018, Martin called the Bishop to report to him that Plaintiff was present at the Church.

20. Upon receiving the call from Martin, the Bishop instructed Martin to call the Police for the purpose of having the Plaintiff removed from the Church's premises, which Martin subsequently did.

21. Upon information and belief, Martin and/or Kolberg communicated to the Bishop that Plaintiff carried a gun and threated to shoot someone at the Church on March 11, 2018 and October 21, 2018.

22. Furthermore, upon information and belief, Martin and/or Kolberg twice communicated to the Police (on March 11, 2018 and October 21, 2018) an unverified – and entirely false - allegation that Plaintiff carried a gun and threatened to shoot someone at the Church.

23. It was at the Bishop's instruction that Martin and/or Kolberg communicated to the Police an unverified – and entirely false - allegation that Plaintiff carried a gun and threatened to shoot someone at the Church.

24. Upon the arrival of the Police on October 21, 2018, Officer Joseph Lalor personally removed Plaintiff from the Church's premises and generated an official police report accordingly.

25. The Police inquired with Martin as to whether Plaintiff should be prosecuted for trespass, but Plaintiff was never charged with any crime.

26. Plaintiff then peacefully left the Church at the instruction of the Police.

27. Both times Plaintiff was removed from the Church by the Police (on March 11, 2018 and October 21, 2018), it was in view of the entire congregation, to the extreme humiliation, embarrassment, and shame of/to Plaintiff.

28. The allegations that Plaintiff did not belong to the Church or give financially to it are patently false and plainly absurd, as he belonged to the Church for nearly thirty (30) years and contributed thousands of dollars to it.

29. The allegation that Plaintiff carried a gun, much less threatened to use it on anyone, at the Church, is patently false and plainly absurd.

30. Plaintiff has had a long and distinguished career in law enforcement, has the highest security rating in New Jersey, remains a licensed private investigator, and would never risk his career or undermine his decades of training by misusing a firearm and/or issuing such careless threats to fellow parishioners.

31. Any claim and/or report that Plaintiff misuses a firearm, threatens people's life and safety, and/or may have committed a crime (e.g.: trespass), puts Plaintiff's licensure as a private investigator at risk and in jeopardy.

32. At all times material herein, the Bishop acted individually and as an agent of the Diocese; the Diocese is also liable for the actions of Bishop pursuant to the doctrine of *respondeat superior*.

33. At all times material herein, Martin and Kolberg acted individually and as agents of Church; the Church is liable for the actions of Martin and Kolberg pursuant to the doctrine of *respondeat superior*.

34. At all times material herein, Montgomery acted individually and as an agent of Church and Diocese; the Diocese and Church are also liable for the actions of Montgomery pursuant to the doctrine of *respondeat superior*.

## COUNT I
## DEFAMATION

35. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

36. A claim for defamation has the following elements: (1) a false statement purporting to be fact; 2) publication or communication of that statement to a third person; 3) fault amounting to at least negligence; and 4) damages, or some harm caused to the person or entity who is the subject of the statement.

37. Montgomery, Bishop, Kolberg, and Martin have clearly alleged multiple false statements as described in Paragraphs 15, 18, 21, 22, 23, 28, and 29.

38. The false statements mentioned in Paragraph 37 above were published and/or communicated to a third person as described in Paragraphs 16, 18, 19, 20, 21, 22, 23, and 27.

39. The false statements mentioned in Paragraph 37, and published/communicated as described in Paragraph 38, were intentionally, knowingly, recklessly, and negligently made by Montgomery, Bishop, Kolberg, and/or Martin as all parties herein knew the claims that Plaintiff did not belong to the Church, did not contribute financially to the Church, and carried a gun and/or threatened to use it on anyone at the Church are patently false.

40. Plaintiff has suffered damages and harm due to the publication/communication of the false statements (as described in Paragraphs 37 and 38) as he has suffered extreme humiliation, embarrassment, shame, and the emotional loss of his Church, his Church community, and his standing in the community, and any claim and/or report that Plaintiff misuses a firearm, threatens someone's life and safety, and/or may have committed a crime (e.g.: trespass), puts Plaintiff's licensure as a private investigator at risk and in jeopardy.

## COUNT II
## FALSE LIGHT

41. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

42. The elements of a claim for false light are: (1) a party (e.g.: the Defendants) published non-flattering information about Plaintiff widely; (2) the publication of information identifies the Plaintiff; (3) the information places the Plaintiff in a "false light" that would be highly offensive to a reasonable person; and, (4) the party who published the information was at fault in publishing the information.

43. Montgomery, Bishop, Kolberg, and Martin published non-flattering information about Plaintiff, and did so widely, as described in Paragraphs 37 and 38.

44. The information published by Montgomery, Bishop, Kolberg, and Martin clearly identified Plaintiff as described in Paragraphs 15, 18, 19, 20, 21, 22, and 23.

45. The information published by Montgomery, Bishop, Kolberg, and Martin clearly puts Plaintiff into a "false light" as described in Paragraph 37 and 39.

46. Montgomery, Bishop, Kolberg, and Martin are all at fault for intentionally, knowingly, recklessly, and negligently publishing the information (as described in Paragraph 38) knowing the claims that Plaintiff did not belong to the Church, did not contribute financially to the Church, and carried a gun and/or threatened to use it on anyone, at the Church are patently false.

47. Plaintiff has suffered damages and harm due to the publication/communication of the false statements (as described in Paragraphs 37 and 38) as he has suffered extreme humiliation, embarrassment, shame, and the emotional loss of his Church, his Church community, and his standing in the community, and any claim and/or report that Plaintiff misuses a firearm, threatens someone's life and safety, and/or may have committed a crime (e.g.: trespass), puts Plaintiff's licensure as a private investigator at risk and in jeopardy.

## COUNT III
## MALICIOUS PROSECUTION

48. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

49. Based on the foregoing, Plaintiff avers that Bishop, Martin, and Kolberg violated Pennsylvania's common law against malicious prosecution.

50. Bishop, Martin, and Kolberg initiated a criminal proceeding against Plaintiff by calling the Police against Plaintiff on two (2) separate occasions (as described in Paragraphs 18, 20, 22, 23, 24, 25, 26, and 27) without probable cause with knowingly false claims (as described in

Paragraphs 37 and 38), and for malicious purposes other than bringing Plaintiff to justice.

51. Due to Bishop, Martin, and Kolberg initiating a criminal proceeding against Plaintiff, Officer Joseph Lalor personally removed Plaintiff from the Church's premises and generated an official police report accordingly.

52. Plaintiff prays that Bishop, Martin, and Kolberg be required to provide all appropriate remedies under Pennsylvania law.

53. Plaintiff has suffered damages and harm due to the publication/communication of the false statements (as described in Paragraphs 37 and 38) as he has suffered extreme humiliation, embarrassment, shame, and the emotional loss of his Church, his Church community, and his standing in the community, and any claim and/or report that Plaintiff misuses a firearm, threatens someone's life and safety, and/or may have committed a crime (e.g.: trespass), puts Plaintiff's licensure as a private investigator at risk and in jeopardy.

## COUNT IV
## ABUSE OF PROCESS

54. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

55. Based on the foregoing, Plaintiff avers that Bishop, Martin, and Kolberg violated Pennsylvania's common law against abuse of process via their making a false police report against Plaintiff (as described in Paragraphs 18, 20, 22, 23, 24, 25, 26, 27, 37, and 38) solely to harass him; Bishop, Martin, and Kolberg used a legal process against Plaintiff to accomplish a purpose which the process was not designed for, and it caused harm to Plaintiff.

56. Due to Bishop, Martin, and Kolberg initiating a false police report against Plaintiff, Officer Joseph Lalor personally removed Plaintiff from the Church's premises and generated an official police report accordingly.

57. Plaintiff has suffered damages and harm due to the publication/communication of the false police report (as described in Paragraphs 37 and 38) as he has suffered extreme humiliation, embarrassment, shame, and the emotional loss of his Church, his Church community, and his standing in the community, and any claim and/or report that Plaintiff misuses a firearm, threatens someone's life and safety, and/or may have committed a crime (e.g.: trespass), puts Plaintiff's licensure as a private investigator at risk and in jeopardy.

58. Plaintiff prays that Bishop, Martin, and Kolberg be required to provide all appropriate remedies under Pennsylvania law.

## COUNT V
## NEGLIGENCE, RECKLESSNESS, WILLFUL CONDUCT, WANTON CONDUCT AND GROSS NEGLIGENCE

59. Plaintiff hereby incorporates all other paragraphs of this Complaint as though fully set forth at length herein.

60. The five (5) elements that a plaintiff must prove to win a negligence claim are (1) there is a duty of care owed by the defendant to the plaintiff; (2) defendant breached that duty; (3) there is an actual causal connection between the defendant's breach of duty and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and, (5) damages resulting from the defendant's breach of duty.

61. Bishop, Martin, and Kolberg all owed Plaintiff a duty of care that their voluntarily taken actions would not cause him undue harm or damage.

62. Bishop, Martin, and Kolberg breached their duty as described in Paragraph 61 by the actions taken as described in Paragraphs 37 and 38.

63. As a direct and proximate result of Bishop, Martin, and Kolberg's breach of duty (as described in Paragraph 62), Plaintiff was harmed through the suffering of extreme humiliation, embarrassment, shame, and the emotional loss of his Church, his Church community, and his standing in the community, and any claim and/or report that Plaintiff misuses a firearm, threatens someone's life and safety, and/or may have committed a crime (e.g.: trespass), puts Plaintiff's licensure as a private investigator at risk and in jeopardy.

## JURY DEMAND

64. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length herein.

65. Plaintiff demands a trial by jury

WHEREFORE, based on the foregoing, Plaintiff respectfully requests this Honorable Court to:

(a) enter a judgment in his favor of at least $75,000 plus court costs, attorneys' fees, punitive damages;

(b) order the expungment and/or removal and/or striking and/or redaction of the two (2) police reports entered against Plaintiff;

(c) order Plaintiff to be permitted to enter and/or attend the Church;

(d) order Plaintiff to have his status with the Church and/or Diocese restored to a member and/or parishioner in good standing;

(e) order the Church to issue a parish wide letter of apology to Plaintiff for the harms, damages, and actions described herein;

(f) and any and all other remedies this Honorable Court deems appropriate.

LAW OFFICE OF FAYE RIVA COHEN, P.C.

BY: _____
FAYE RIVA COHEN, ESQUIRE
*Attorney for Plaintiff*
2047 Locust Street
Philadelphia, PA 19103
(T) 215-563-7776
(F) 215-563-9996

Date: October 18, 2019

## VERIFICATION

I, MICHAEL DeFILIPPO, hereby verify that I am the Plaintiff in the within case and that the statements made in the foregoing Complaint are true to the best of my knowledge and belief.

I understand that false statements are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

*/s/ Michael DeFilippo*
MICHAEL DeFILIPPO

Date: October 18, 2019